UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LINDSEY,

           Petitioner,

-vs-                                       Case No.  8:06-cv-2096-T-17MAP

SECRETARY,   DEPARTMENT   OF
CORRECTIONS,

           Respondent.
_____

## ORDER

      Robert Lindsey petitions for the writ of habeas corpus pursuant to 28 U.S.C. §
2254.

      Lindsey, who was convicted of four counts of capital sexual battery in the
Thirteenth Judicial Circuit, Hillsborough County, Florida, was sentenced to four
consecutive life sentences with a 25 year mandatory sentence for each life sentence.

Petition Is Time-Barred

      The Anti-Terrorism and Effective Death Penalty Act created a new limitations
period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A
1-year period of limitation shall apply to an application for a writ of habeas corpus by
a person in custody pursuant to the judgment of a State court. The limitation period
shall run from the latest of ... the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking such review...." 28
U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application
for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Lindsey states that his judgment of conviction was entered on March 21, 1989, and that the state district court of appeal per curiam affirmed the conviction and sentence on May 29, 1991.  He states that he filed a motion for rehearing/clarification, and that, on July 30, 1991, the motion was denied by the state district court of appeal, and the Mandate issued on that date.

Given Lindsey's allegations, it is clear that his conviction became final prior to the effective date of the AEDPA.  Thus, the one-year statute of limitations promulgated by the AEDPA commenced on its effective date, April 24, 1996, and Lindsey had one year from that date, or until April 24,1997, within which to file a timely federal habeas petition in this Court. See Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999); Wilcox v. Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).   The Court applies the statute to habeas corpus petitions filed after April 24, 1997. See Wilcox, supra. Since Lindsey signed his petition in 2006, the statute applies to his petition.

Lindsey states that he filed a motion for belated appeal of his rule 3.850 motion on April 23, 2997, and that the motion was denied on June 25, 1997.  He also states that he filed an appeal to the state district court of appeal on the denial of his belated appeal motion on July 9, 1997. Finally, he states that the second district court of appeal denied his appeal from the denial of the belated appeal motion on October 24, 1997. He then alleges that he filed a motion for rehearing on November 3, 1997 that was denied on November 25, 1997.

Assuming that this Court could somehow construe the above filings after April 24, 1997, were collateral attacks on his conviction  (which they are not) and tolled the running of the one-year period, (which they do not) Lindsey's federal petition for writ of habeas corpus would still be time-barred.   He waited until November 17, 2005, to file a petition for writ of habeas corpus in the state court. The filing of the petition did not toll the running of the limitations period because the one-year period had already expired at the latest, on November 25, 1998 (one year from the date the state district court of appeal denied his motion for rehearing.)   Therefore, the present federal petition, signed and filed in 2006, is time-barred.

Lindsey has not shown that any extraordinary circumstances require the tolling of the one-year period.

Accordingly, the Court orders:

That Lindsey's petition for writ of habeas corpus is dismissed as time-barred. The Clerk is directed to enter judgment against Lindsey and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

-3-

debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 16, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Robert Lindsey